THE RIVER MEANDER. (Circuit Court of Appeals, Second Circuit. April 10, 1918.) No. 204. Appeal from the District Court of the United States for the Southern District of New York. Libel by the P. Lorillard Company against the steamship River Meander, her engines, etc., claimed by Norton & Sons, together with four other consolidated cases. There were decrees for libelants (209 Fed. 931), and claimant appeals. Affirmed. Kirlin, Woolsey & Hickox, of New York City (J. Parker Kirlin, John M. Woolsey, and Harry D. Thirkield, all of New York City, of counsel), for appellant. Harrington, Bigham & Englar, of New York City·(D. Roger Englar, of New York City, of counsel), for appellee. Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Decree (209 Fed. 931) affirmed.

---

SIEGEL v. SOUTHERN PAC. CO. (Circuit Court of Appeals, Seventh Circuit. February 28, 1918.) No. 2528. In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois. Action by Kate Siegel against the Southern Pacific Company. There was a judgment for defendant, and plaintiff brings error. Affirmed. Samuel B. King, of Chicago, Ill., for plaintiff in error. John A. Sheean, of Chicago, Ill., for defendant in error. Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

PER CURIAM. At the close of the evidence the court directed a verdict for defendant. This was right, first, because the record failed to· establish or warrant an inference of negligence of defendant, and, second, because the alleged negligence is not shown to· be the proximate cause of the injury. Affirmed.

---

STELLWAGEN v. CLUM. (Circuit Court of Appeals, Sixth Circuit. March 15, 1918.) No. 2448. Appeal from the District Court of the United States for the Northern District of Ohio. Petition by A. C. Stellwagen, trustee for Margaret Zengerle, for an order requiring the surrender of property by Alfred Clum, trustee in bankruptcy of the Georgian Bay Company. From a·decree dismissing the petition, petitioner appeals. Decree affirmed, in conformity to answers of the Supreme Court to questions certified (245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. ——).

PER CURIAM. This cause coming on to be heard on the transcript of the record from the court below," two of the questions presented by the record and argued by counsel were in substance: (a) Whether the Bankruptcy Act of the United States, in force on the dates of the transactions in issue, operated to suspend section 6343 of the Revised Statutes of Ohio, as such section stood February 2, 1910; and (b) whether the Bankruptcy Act operated to suspend the sections into which section 6343 was divided and numbered February 15, 1910, by the General Code of Ohio, to wit, sections 11102, 11103, 11104, and 11105, as such sections existed May 5, 1910. The court, finding itself unable to reach a satisfactory conclusion as to the claimed suspension, entered an order November 7, 1914, certifying the foregoing questions to the Supreme Court for its instructions thereon. On February 4, 1918, the Supreme Court announced an opinion (245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. ——) in the cause that the foregoing questions so certified "must be answered in the negative," and on March 9, 1918, the mandate of that court in the cause was filed in· this court. On consideration whereof, and for reasons expressed in the opinion of this court November 7, 1914 (218 Fed. 730, 732, 733, 134 C. C. A. 408), it is now ordered, adjudged, and decreed by this court that the decree of the court below affirming the order of the referee, be and the same hereby is affirmed, with costs; and it is· further ordered that for purposes of rehearing under and according to rule 28 of this court (202 Fed. xix) the date of the filing of this decree shall be treated as the date of the filing of the opinion herein.